FOURNET, Justice
 

 (dissenting).
 

 While it is true that it is declared in the rules adopted by this court (Section 5 of Rule 12) that an application for a rehearing will not be considered when the court has refused to grant a writ, even when an1, opinion is rendered explaining why the writ is refused, the fact still remains that in the opinion in the instant case the title to the office of Sheriff and ex-ófficio Tax Collector of Plaquemine Parish was declared to be lawfully in Walter J. Blaize without Dr. B. R. Slater, the party claiming title to the office and in possession thereof under the express provisions of Section 71 of Article 7 of the Constitution of 1921 and which, if enforced, would deprive him of that office without due process since he was not made a party to the proceedings; further, some 800 citizens and taxpayers of Plaquemine Parish, including deputy sheriffs holding office under Dr. Slater, and the Police Jury,, clmrged that the entire proceedings were-conceived and culminated in collusion and fraud and that as interested parties aggrieved by the said ruling they were denied, the right given them under the express, provisions of Article 571 of the Code of Practice, to an appeal. I know of no constitutional or statutory mandate that compels this court to perpetuate errors of judgment because of some rule adopted for the court’s own guidance and convenience.